928 F.2d 407
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Blanca KAVOURAS, Plaintiff-Appellant,
v.
Colleen M. FERNANDEZ-POWERS, et al., Defendants-Appellees.
 No. 90-1918.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 27, 1991.*
Decided March 14, 1991.
 
 Appeal from the United States District Court for the Western District of Wisconsin, No. 89-C-1113, John C. Shabaz, Judge.
 W.D.Wis.
 AFFIRMED.
 Before CUDAHY, EASTERBROOK and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Blanca Kavouras filed an action for foreclosure in the United States District Court for the Western District of Wisconsin. The district court dismissed the action for lack of subject matter jurisdiction, and Kavouras appealed that determination.
 
 
 2
 In her complaint, Kavouras alleged that the district court had diversity jurisdiction over the action pursuant to 28 U.S.C. Sec. 1332. The complaint alleged that the domicile of defendants was Wisconsin and Illinois, and alleged that Kavouras resided in Illinois. The district court held that the complaint failed to demonstrate diversity jurisdiction because no domicile was alleged for Kavouras, and the court also noted that if Kavouras' residence was her domicile then the complaint lacked complete diversity. As a result, the court dismissed the complaint without prejudice for lack of subject matter jurisdiction.
 
 
 3
 In an amended complaint, Kavouras attempted to invoke federal jurisdiction pursuant to 28 U.S.C. Secs. 1331 and 1343 by including a second cause of action alleging violations of the fourteenth amendment and 42 U.S.C. Secs. 1981, 1982, 1983 and 1985. That cause of action asserted that defendants Colleen Fernandez Powers and Ted Powers conspired with one another and other individuals acting under color of law to fraudulently convey the mortgaged real estate described in the first cause of action to defendants Connie and Robert Baumel for the purpose of defrauding plaintiff. Kavouras alleged that the conspiracy deprived her of property and that the actions were motivated in part by her Hispanic origin. The district court held that the allegations did not support a constitutional claim, but rather indicated a claim of fraud actionable under state law. Accordingly, the district court dismissed the complaint for lack of subject matter jurisdiction, and Kavouras appeals that dismissal.
 
 
 4
 The only issue on appeal is whether the second cause of action in Kavouras' amended complaint asserted a constitutional claim sufficient to invoke jurisdiction under Secs. 1331 or 1343. Sections 1331 and 1343 provide the district court with jurisdiction over actions arising under the Constitution or federal law, or for any constitutional deprivation arising under color of state law. 28 U.S.C. Secs. 1331, 1343. Kavouras' claim purports to assert a constitutional violation as well as a violation of 42 U.S.C. Secs. 1981-1985. None of the defendants in this case, however, are state actors or are alleged to have been acting under color of state law. Under Sec. 1985(3), the plaintiff in some circumstances need not prove state action; however, if the conspiracy alleged implicates a right that is by definition a right only against state interference, then state action must be alleged. Carpenters v. Scott, 463 U.S. 825 (1982). The second cause of action asserted by Kavouras alleges that defendants conspired to deprive her of equal protection of the law based upon her race. Kavouras does not, however, identify any law or right which she has been denied in violation of equal protection. The only right arguably stated in her complaint is the right against deprivation of property without due process. That right is by definition a right only against state interference, and the complaint indicates no state action. Therefore, the actions alleged in the complaints do not implicate the Constitution or 42 U.S.C. Secs. 1983-1985. In fact, the allegations in the complaint suggest only violations of state law. Mere intonation of constitutional and federal statutory provisions is insufficient to invoke jurisdiction where, as here, the actions alleged do not implicate those provisions. Therefore, the decision of the district court dismissing the complaint for lack of subject matter jurisdiction is
 
 
 5
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). Defendants-appellees Colleen Powers, Ted Powers, Connie Baumel, and Robert Baumel have filed a statement agreeing that oral argument would not be helpful. No statement has been filed indicating that oral argument would be helpful, and therefore the appeal has been submitted on the briefs and record